Deborah YORK, Adminx. of the Estate of Bruce York, Plaintiff,

v.

Captain LAMANTIA, et al., Defendants.

No. C87–2027–Y.

United States District Court,
N.D. Ohio, E.D.

Nov. 18, 1987.

**18**

Willard E. Bartel, Jamie R. Leibovitz, Miller, Stillman & Bartel, Cleveland, Ohio, for plaintiff.

Deborah Piperni O'Neill, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## ORDER

BATTISTI, Chief Judge.

Plaintiff, Deborah York as administratrix of the estate of Bruce York, files the instant action pursuant to 42 U.S.C. §§ 1983, 1988 against five members of the Ohio State Highway Patrol, individually and in their official capacity. Plaintiff alleges that Defendants engaged in a high speed chase of decedent, Bruce York, causing him to lose control of his motorcycle and sustain injuries ultimately leading to his death. Defendants move this Court to dismiss the cause of action for want of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Fed.R. Civ.P. 12(b)(1), (6).

Defendants' Memorandum in Support of their motions fails to state any basis upon which this Court might deny the existence of subject matter jurisdiction. This Court clearly possesses the power to adjudicate claims arising under § 1983 pursuant to the jurisdictional grant of 28 U.S.C. § 1343. Defendants' arguments all support a rule 12(b)(6) motion, therefore their motion to dismiss for want of jurisdiction is denied.

With respect to the second motion, Defendants argue both immunity as a bar to action and failure to state a cognizable claim under § 1983. They will be addressed in that order.

■ Defendant argues that the Eleventh Amendment bars this action because the Defendants were acting in their official capacity at all times complained of and this is a suit, therefore, seeking recovery essentially from the state. The 11th Amendment remains as a bar to actions against a state and its employees in their official capacity. *Edelman v. Jordon,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed. 2d 67 (1984). The 11th Amendment, however, does not preclude suits against state officers or employees in their individual capacity. *Scheur v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). This principle has been followed in this Court. "The state cannot rest on its immunity or its officers to bar § 1983 actions merely by choosing to defend them ... or by agreeing to pay their damages." *Harley v. Carman,* 585 F.Supp. 1353, 1357 (N.D.Ohio 1984). Immunity, therefore, bars action against Defendants in their official capacity, but not individually.

■ What remains at this point is a § 1983 action against the Defendants in their individual capacity. This claim must be analyzed to determine whether it presents a viable cause of action upon which relief may appropriately be granted.

Section 1983 provides redress for deprivation of a Constitutional right under color of law. Plaintiff, therefore, must allege facts sufficient to show, if true, such a violation occurred. On a motion to dismiss, Plaintiff is entitled to the most favorable construction on factual issues. In essence, they are taken as true for this legal determination. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Conceding all benefit of doubt to Plaintiff, particularly in light of the tragedy existing when death results from a brush with the law, this Court still can not find any basis upon which relief can be granted under §§ 1983, 1988. For the following reasons, Defendants' Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is hereby granted.

■ Under § 1983, a violation of a constitutionally protected right must be set forth. Plaintiff asserts "unnecessary and excessive force" was used by Defendants. In looking at this matter, it is necessary to

determine whether *any* due process rights, procedural or substantive, were violated. Evaluation of substantive violations (whether excessive force has been applied) requires application of a subjective test. The standard for testing whether force, employed by a police officer, crosses from the ordinary tort realm into the realm of Constitutional violation is whether the conduct "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). This Circuit recognizes such a substantive due process violation, *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985), as long as an intentional act is involved. *Id.* at 586.

The facts of the instant case display a high speed chase by the Ohio State Highway Patrol occasioned by failure to stop when directed to do so by troopers. Plaintiff's decedent was involved in a fatal accident during this chase. The facts do not, under any construction, present acts by the Defendants, intentional or otherwise, which rise to the level of shocking the conscience. Ignoring Defendants' assertion that decedent York was a fleeing felon subject to an outstanding felony warrant for his arrest, this Court must determine whether Defendants' actions were reasonable without such a warrant.

Under Ohio Rev.Code § 4511.02(B), "[n]o person shall operate a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." Equally, Ohio Rev.Code § 2921.33(A) provides that "[n]o person ... shall resist or interfere with a lawful arrest of himself...." Whether or not the Defendants had the probable cause for a warrantless arrest, or actually possessed a warrant for decedent's arrest, a chase to stop an individual fleeing in violation of either of these provisions, or any other incidentally applicable one, can not be held to shock the conscience. There is no Constitutional guarantee that only those guilty of a crime will be pursued or arrested. No pleading demonstrates that a substantive violation of plaintiff's due process rights existed.

The absence of violation of substantive protections does not close the matter. Defendant must demonstrate that no procedural due process violation exists either. To determine this, the adequacy of state law protections must be addressed. If state law provides protections which satisfy due process, this defeats one's right to proceed under § 1983. *Parratt v. Taylor*, 451 U.S. 527, 100 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

Here the Court faces an alleged deprivation of liberty. This Circuit recognizes that the state procedural protections which may defeat a § 1983 claim regarding property, *id.*, apply equally to deprivations of liberty interests. *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985). The protections offered by state law are adequate if either a pre-deprivation hearing is held or, as here, random, unauthorized acts by officials are alleged which may be remedied by a post-deprivation hearing. A post-deprivation hearing satisfies due process when a pre-deprivation hearing is impossible because there is no way to "predict the occurrance or to take steps to prevent it." *Wilson*, 770 F.2d at 584. Although Plaintiff does not appear to have even a procedural due process claim because decedent was killed while fleeing an officer, the state does provide a remedy for the alleged conduct by waiving immunity from suit in Ohio Rev.Code § 2743.02(A)(1). Plaintiff would have to pursue such an action instead of the instant action here.

Because no violation of a constitutionally protected right appears, claims under §§ 1983, 1988 may not be maintained. Accordingly, Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is hereby granted.

IT IS SO ORDERED.